In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00115-CR
______________________________


OTIS JACKSON HUGHES, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 6th Judicial District Court
Fannin County, Texas
Trial Court No. 20522


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION
            Otis Jackson Hughes appeals from the adjudication of his guilt for the offense of burglary
of a habitation. On January 21, 2003, Hughes pled guilty to the offense, and the trial court deferred
the adjudication of his guilt and placed him on three years' community supervision. Hughes' guilt
was adjudicated March 31, 2005, and the trial court sentenced him to twelve years' imprisonment. 
Hughes appeals from the trial court's determination to adjudicate his guilt on the original offense.
            The trial court filed a certification,


 in accordance with Rule 25.2(a)(2) of the Texas Rules
of Appellate Procedure,


 reciting that "the defendant has waived the right to appeal" and has "no
[right] to appeal motion to adjudicate."
            We have jurisdiction to determine whether we have jurisdiction. Olivo v. State, 918 S.W.2d
519, 523 (Tex. Crim. App. 1996).
            If a certification showing that the defendant has the right to appeal is not made a part of the
appellate record, we must dismiss the case unless the record indicates that an appellant may have the
right to appeal. See Dears v. State, 154 S.W.3d 610, 612 (Tex. Crim. App. 2005); Greenwell v.
Court of Appeals for the Thirteenth Judicial Dist., 159 S.W.3d 645, 649 (Tex. Crim. App. 2005). 
Nothing in the record indicates that the certification is in error or that Hughes has a right to appeal.
            We hold that we lack jurisdiction over this appeal, and dismiss the appeal for want of
jurisdiction.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          August 3, 2005
Date Decided:             August 4, 2005

Do Not Publish