COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS






IN RE: LAWRENCE W. FEW,


 Relator.
§


 


§


 


§


 


§


 


§


 


 § 



No. 08-07-00318-CR



AN ORIGINAL PROCEEDING IN


MANDAMUS


MEMORANDUM OPINION


 Lawrence Few has filed a pro se petition for writ of mandamus requesting this Court issue
an order compelling the trial court to appoint an attorney to represent Few in his petition for habeas
corpus. Mandamus relief is denied.

DISCUSSION

 In order to obtain relief through a writ of mandamus, a relator must establish: (1) no other
adequate remedy at law is available and (2) that the act he seeks to compel is ministerial. Dickens
v. Court of Appeals For Second Supreme Judicial Dist. of Texas, 727 S.W.2d 542, 548 (Tex. Crim.
App. 1987). An act is ministerial if it does not involve the exercise of any discretion. State ex rel.
Hill v. Court of Appeals for the Fifth District, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001). 
However, a so-called discretionary function may become ministerial when the facts and
circumstances dictate but one rational decision. Buntion v. Harmon, 827 S.W.2d 945, 948 n.2 (Tex.
Crim. App. 1992).

 This Court is empowered to direct a trial court to consider and rule on a properly filed
pending motion if: (1) relator has asked the trial court to rule; and (2) the trial court either refused
to rule, or failed to rule within a reasonable time. See Barnes v. State, 832 S.W.2d 424, 426-27 (Tex.
App.--Houston [1st Dist.] 1992, orig. proceeding). It is the relator's burden to provide this Court
with a sufficient record to establish his right to mandamus relief. See Tex. R. App. P. 52.3(j)(1)(A)
(appendix to mandamus petition must contain a copy of any order complained of, or any other
document showing the matter complained of); Tex. R. App. P. 52.7(a)(1) (relator must file with the
mandamus petition a copy of every document that is material to his claim for relief); Greenwell v. 
Court of Appeals for the Thirteenth District, 159 S.W.3d 645, 648 (Tex. Crim. App. 2005).

 Here, Few requests that this Court order the trial court to appoint an attorney to represent him
in a habeas corpus action. There is no record that Relator has presented such a motion to the trial
court, nor that the trial court has denied or refused to rule on the same. As Relator has failed to
provide this Court with a record sufficient to establish his right to mandamus relief, the petition is
denied.

 KENNETH R. CARR, Justice


December 13, 2007


Before Chew, C.J., McClure, and Carr, JJ.

McClure, J., not participating


(Do Not Publish)