NO. 12-07-00339-CR


 IN THE COURT OF APPEALS 


 TWELFTH COURT OF APPEALS DISTRICT


 TYLER, TEXAS


JAMES MARVIN BROOKS § APPEAL FROM THE 114TH

APPELLANT


V. § JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE § SMITH COUNTY, TEXAS

 

MEMORANDUM OPINION

PER CURIAM

 James Brooks appeals the revocation of his community supervision, following which he was
sentenced to imprisonment for eighteen months. Appellant's counsel filed a brief in compliance
with Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and Gainous v.
State, 436 S.W.2d 137 (Tex. Crim. App. 1969). We dismiss for want of jurisdiction.


 Background

 Appellant was charged with possession of a controlled substance and pleaded "guilty." The
trial court deferred finding Appellant guilty and placed Appellant on community supervision for
three years. Upon application by the State, the trial court later adjudicated Appellant "guilty" of
possession of a controlled substance, and sentenced him to imprisonment for two years, but probated
Appellant's sentence and placed Appellant on community supervision for five years.

 On July 23, 2007, the State filed an amended petition to revoke Appellant's community
supervision alleging that Appellant had violated multiple terms and conditions thereof. On August
7, 2007, the trial court conducted a hearing on the State's motion. Appellant pleaded "true" to each
of the three allegations in the State's motion. In conjunction with his plea of true, Appellant
executed a written waiver of his right to appeal. At the conclusion of the hearing, the trial court
found that Appellant had violated the terms and conditions of his community supervision as alleged
in the State's motion, revoked Appellant's community supervision, and sentenced Appellant to
imprisonment for eighteen months. The trial court next discussed with Appellant his appellate
rights, at which time, the following exchange occurred:


 THE COURT: Do you want to give notice of appeal today or present your waiver? 


 [APPELLANT'S COUNSEL]: We're presenting our waivers.


 THE COURT: And you did sign the waiver; is that correct?


 THE DEFENDANT: Yes, ma'am.


 THE COURT: Court approves same.



This appeal followed.


 Waiver of Right to Appeal

 Appellant pleaded "guilty" to possession of a controlled substance and has, on two
occasions, pleaded "true" to violating the terms and conditions of his community supervision.
Following the revocation of his community supervision on August 7, 2007, the trial court assessed
Appellant's punishment at imprisonment for eighteen months. We have received the trial court's
certification showing that Appellant waived his right to appeal. See Tex. R. App. P. 25.2(d). The
clerk's record supports the trial court's certification. See Greenwell v. Thirteenth Court of Appeals,
159 S.W.3d 645, 649 (Tex. Crim. App. 2005); Dears v. State, 154 S.W.3d 610, 614-15 (Tex. Crim.
App. 2005). Accordingly, we hold that Appellant has waived his right to appeal.


 Disposition

 Having held that Appellant has waived his right to appeal, we dismiss the appeal for want
of jurisdiction. All pending motions are hereby overruled as moot.

Opinion delivered July 31, 2008.

Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.


(DO NOT PUBLISH)