# NO. 12-07-00339-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JAMES MARVIN BROOKS*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

James Brooks appeals the revocation of his community supervision, following which he was sentenced to imprisonment for eighteen months. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We dismiss for want of jurisdiction.

## Background

Appellant was charged with possession of a controlled substance and pleaded "guilty." The trial court deferred finding Appellant guilty and placed Appellant on community supervision for three years. Upon application by the State, the trial court later adjudicated Appellant "guilty" of possession of a controlled substance, and sentenced him to imprisonment for two years, but probated Appellant's sentence and placed Appellant on community supervision for five years.

On July 23, 2007, the State filed an amended petition to revoke Appellant's community supervision alleging that Appellant had violated multiple terms and conditions thereof. On August 7, 2007, the trial court conducted a hearing on the State's motion. Appellant pleaded "true" to each of the three allegations in the State's motion. In conjunction with his plea of true, Appellant

executed a written waiver of his right to appeal. At the conclusion of the hearing, the trial court found that Appellant had violated the terms and conditions of his community supervision as alleged in the State's motion, revoked Appellant's community supervision, and sentenced Appellant to imprisonment for eighteen months. The trial court next discussed with Appellant his appellate rights, at which time, the following exchange occurred:

| | |
|---|---|
| THE COURT: | Do you want to give notice of appeal today or present your waiver? |
| [APPELLANT'S COUNSEL]: | We're presenting our waivers. |
| THE COURT: | And you did sign the waiver; is that correct? |
| THE DEFENDANT: | Yes, ma'am. |
| THE COURT: | Court approves same. |

This appeal followed.

## WAIVER OF RIGHT TO APPEAL

Appellant pleaded "guilty" to possession of a controlled substance and has, on two occasions, pleaded "true" to violating the terms and conditions of his community supervision. Following the revocation of his community supervision on August 7, 2007, the trial court assessed Appellant's punishment at imprisonment for eighteen months. We have received the trial court's certification showing that Appellant waived his right to appeal. *See* TEX. R. APP. P. 25.2(d). The clerk's record supports the trial court's certification. *See Greenwell v. Thirteenth Court of Appeals*, 159 S.W.3d 645, 649 (Tex. Crim. App. 2005); *Dears v. State*, 154 S.W.3d 610, 614–15 (Tex. Crim. App. 2005). Accordingly, we hold that Appellant has waived his right to appeal.

## DISPOSITION

Having held that Appellant has waived his right to appeal, we ***dismiss*** the appeal ***for want of jurisdiction***. All pending motions are hereby ***overruled*** as moot.

Opinion delivered July 31, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

2