# NO. 12-09-00140-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TONY WHITE a/k/a ANTHONY WHITE,* <br> *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* <br> *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

**MEMORANDUM OPINION**
**PER CURIAM**

Appellant pleaded guilty to possession of a controlled substance with intent to deliver. Sentence was imposed on March 23, 2009. We have received the trial court's certification showing that this is a plea bargain case and Appellant has no right to appeal. See TEX. R. APP. P. 25.2(d).

A defendant in a plea bargain case has only a limited right to appeal. *See* TEX. R. APP. P. 25.2(2). A plea bargain case is one in which a defendant pleaded guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *Id.* In such cases, a defendant may appeal only (1) those matters that were raised by written motion filed and ruled on before trial, or (2) after getting the trial court's permission to appeal. TEX. R. APP. P. 25.2(2)(A), (B). Here, the record does not show that the trial court ruled on any of Appellant's pretrial motions prior to the entry of his guilty plea or that the trial court gave Appellant permission to appeal. Therefore, the record supports the trial court's certification. *See Greenwell v. Thirteenth Court of Appeals*, 159 S.W.3d 645, 649 (Tex. Crim. App. 2005); *Dears v. State*, 154 S.W.3d 610, 614-15 (Tex. Crim. App. 2005). Moreover, we note that the record includes a signed, written waiver of Appellant's right to appeal, signed by Appellant and his counsel. Accordingly, the appeal is *dismissed* for want of jurisdiction.

Opinion delivered May 13, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)