# NO. 12-08-00313-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ROBERT EARL CALIP,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*

*PER CURIAM*

Robert Earl Calip appeals his conviction for possession of a controlled substance. Appellant's counsel has filed a brief asserting compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We dismiss Appellant's appeal for want of jurisdiction.

### BACKGROUND

Appellant was charged by indictment with possession of a controlled substance. As alleged, the offense was a state jail felony. However, the grand jury also alleged that Appellant had two prior, sequential felony convictions. *See* TEX. PENAL CODE ANN. § 12.42(a)(2) (Vernon 2005). Accordingly, the range of punishment was that of a second degree felony. ***Id.*** Appellant pleaded guilty, and the trial court placed him on deferred adjudication community supervision. Appellant violated the terms of his community supervision. Following a hearing, the trial court found him guilty, revoked his community supervision, and sentenced him to imprisonment for eight years.

At the conclusion of the hearing, the trial court asked if Appellant wished to give notice of appeal. Appellant's counsel informed the court that Appellant had filed "waivers." The record contains a waiver signed by Appellant and filed the day of the hearing. In the waiver, Appellant stated that he understood his right to appeal, did not wish to appeal, and expressly waived his right to appeal. Both Appellant and the trial court signed a certification confirming that Appellant had waived his right to appeal. Weeks later, Appellant wrote to the court requesting to appeal his conviction. Counsel was appointed, and this appeal followed. After reviewing the record, counsel filed an *Anders* brief and a motion to withdraw.

## CONCLUSION

The trial court's certification shows that Appellant waived his right to appeal. *See* TEX. R. APP. P. 25.2(d). The certification is signed by Appellant and his counsel. The clerk's record supports the trial court's certification. *See Greenwell v. Thirteenth Court of Appeals*, 159 S.W.3d 645, 649 (Tex. Crim. App. 2005); *Dears v. State*, 154 S.W.3d 610, 614–15 (Tex. Crim. App. 2005). Accordingly, we *dismiss* this appeal *for want of jurisdiction*. We take no action on counsel's motion to withdraw.

Opinion delivered August 19, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

2