

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00216-CR

_____

ANGELIA GAIL REINHART, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 196th Judicial District Court
Hunt County, Texas
Trial Court No. 17652

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Angelia Gail Reinhart, having been charged with aggravated assault with a deadly weapon, was placed on deferred adjudication community supervision in 1994. In 2010, Reinhart was charged with violations which occurred in 1999 of the terms of her community supervision. Based on a plea agreement,[1] the sentence length was altered by the trial judge and she was sentenced to imprisonment for ten years. Reinhart now files a pro se notice of appeal.

The record contains the requisite certification of right of appeal in which the judge states that the defendant has waived the right of appeal. The record also contains an omnibus "WAIVER TO [sic] APPEAL" signed by Reinhart, her counsel, and the trial judge in which she states that she is waiving (among other things) her right to appeal. The waiver was signed and filed on September 20, 2010, the date on which she was adjudicated guilty and sentence was imposed.

Under TEX. R. APP. P. 25.2, the filing of a proper certification of right to appeal is a jurisdictional matter, and when one appears to be incorrect, it is the duty of this Court to ensure that a correct certification is prepared and filed. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005); *Greenwell v. Court of Appeals for Thirteenth Judicial Dist.*, 159 S.W.3d 645, 649 (Tex. Crim. App. 2005). In this case, we have a certification stating that the defendant has no right to appeal because of waiver, and the record before this Court does not show that the

---

[1] We recognize that plea bargains in the statutory sense cannot exist in a revocation context, as Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure applies only when a plea is guilty or nolo contendere, and in revocation cases, the plea is "true" or "not true." TEX. R. APP. P. 25.2(a)(2).

2

certification is defective. *See Dears*, 154 S.W.3d at 613. Further, the judgment affirmatively indicates the existence of a bargained-for agreement between the State and Reinhart, which could support the existence of a valid waiver. From this state of the record, we have no option but to dismiss the appeal.

We dismiss the appeal for want of jurisdiction.


Bailey C. Moseley
Justice

Date Submitted:    December 2, 2010
Date Decided:    December 3, 2010

Do Not Publish