

NUMBER 13-14-00313-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

IN RE SCOTT SAMUEL MEYER

On Petition for Writ of Mandamus.

MEMORANDUM OPINION

Before Justices Rodriguez, Garza and Benavides
Memorandum Opinion Per Curiam[1]

Relator, Scott Samuel Meyer, proceeding pro se, filed a petition for writ of mandamus in the above cause on June 5, 2014 seeking to obtain specified documents from the appellate record. This Court previously affirmed appellant's conviction for theft after appellant's appellate counsel filed an *Anders* brief and appellant filed a pro se brief and two subsequent amended pro se briefs. *See Meyer v. State*, No. 13-13-00400-CR, 2014 WL 1878817, at **1–2 (Tex. App.—Corpus Christi May 8, 2014, no pet.); *see also*

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

*Anders v. California*, 386 U.S. 738 (1967). In that cause, appellant had filed a motion to obtain the record for purposes of preparing his pro se brief. This Court directed the trial court to allow appellant to examine the appellate record, and the clerk and reporter certified to this Court that full and complete copies of the records were provided to appellant in accordance with our directive.

In this original proceeding, appellant alleges that the record from his appeal failed to include a pro se motion to dismiss for want of jurisdiction and a pro se petition for writ of habeas corpus that he allegedly filed with the trial court on or about January 31, 2013. The record in the appeal does not contain these documents and indicates that, at that time, appellant was represented by appointed counsel.

To be entitled to mandamus relief, the relator must show: (1) that he has no adequate remedy at law, and (2) that what he seeks to compel is a ministerial act. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of App. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

A remedy at law, though it technically exists, "may nevertheless be so uncertain, tedious, burdensome, slow, inconvenient, inappropriate, or ineffective as to be deemed inadequate." *Greenwell v. Ct. of App. for the Thirteenth Jud. Dist.*, 159 S.W.3d 645, 648–49 (Tex. Crim. App. 2005) (orig. proceeding). The act sought to be compelled must be a ministerial act that does not involve a discretionary or judicial decision. *State ex rel. Young*, 236 S.W.3d at 210. The ministerial-act requirement is satisfied if the relator can show a clear right to the relief sought. *In re State ex rel. Weeks*, 391 S.W.3d at 122. A

clear right to relief is shown when the facts and circumstances dictate but one rational decision "under unequivocal, well-settled (*i.e.*, from extant statutory, constitutional, or case law sources), and clearly controlling legal principles." *Bowen v. Carnes*, 343 S.W.3d 805, 810 n.6 (Tex. Crim. App. 2011); *see In re State ex rel. Weeks*, 391 S.W.3d at 122.

It is relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*."* *See generally* TEX. R. APP. P. 52.3. In this regard, it is clear that relator must furnish an appendix or record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden to obtain mandamus relief. *See State ex rel. Young*, 236 S.W.3d at 210. Relator's petition fails to include a record or appendix, or any supporting documentation indicating that the appellate record was incomplete. Moreover, at the time that the allegedly missing documents were filed, appellant was appointed by counsel and thus was not entitled to hybrid representation. *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App.

3

2007); *Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App.1995). Accordingly, relator's petition for writ of mandamus is denied. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and file the
10th day of June, 2014.