NUMBER 13-02-273-CR

COURT OF APPEALS
 
THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG




BRIAN ERNST,                                                                             Appellant,

v.

THE STATE OF TEXAS,                                                                Appellee.




On appeal from the 319th District Court
of Nueces County, Texas.




O P I N I O N

Before Justices Yañez, Castillo, and Garza
Opinion by Justice Castillo
 
Appellant Brian Ernst appeals his conviction for indecency with a child.


 Ernst
pleaded guilty pursuant to an agreed punishment recommendation. The trial court
followed the recommendation and sentenced Ernst to three years in the Institutional
Division of the Texas Department of Criminal Justice. This appeal ensued. Ernst filed
a clerk's record and reporter's record. In three issues, he asserts: (1) his
constitutional right not to be prosecuted twice for the same offense was violated when
the State re-indicted him for an alleged offense that was the subject of an expired pre-trial diversion agreement between Ernst and the State; (2) prosecution twice for the
same alleged offense violated his due process rights; and (3) the State did not use due
diligence in prosecuting Ernst for the alleged violation of his pre-trial diversion contract.
         The trial court certified that Ernst has no right to appeal because this is a plea-
bargain case. Tex. R. App. P. 25.2(a)(2).


 The rule refers only to plea bargains with
regard to guilty pleas. See Dears v. State, Nos. PD-1963-03, PD-1964-03, PD-1965-0, 2005 Tex. Crim. App. LEXIS 111, at *8 (Jan. 26, 2005). In a plea-bargain case,
as here, we review the record to determine: (1) our jurisdiction; and (2) whether the
trial court's certification is correct. See id. at *5; see also Greenwell v. Thirteenth
Court of Appeals, No. AP-75,017, 2005 Tex. Crim. App. LEXIS 217, at *7 (Feb. 9,
2005). "The purpose of the certification requirement is to efficiently sort appealable
cases from non-appealable cases." Greenwell, 2005 Tex. Crim. App. LEXIS 217, at
*7. Certification allows appealable cases to move through the system unhindered
while eliminating, at an early stage, the time and expense associated with non-appealable cases. Id. If there is something in whatever record does exist that
indicates that an appellant has the right to appeal, we must determine whether the
certification is deficient and resolve the conflict. See id. We must dismiss an appeal
if a certification showing that the defendant has the right to appeal is not made part
of the appellate record. See Dears, 2005 Tex. Crim. App. LEXIS 111, at *6; see Tex.
R. App. P. 25.2(d).  
         In this case, Ernst filed his appeal prior to the January 1, 2003 amendments to
rule 25.2. Accordingly, he had filed a clerk's record and a reporter's record. In the
record is a motion to dismiss. See Greenwell, 2005 Tex. Crim. App. LEXIS 217, at
*1. The trial court did not rule on the motion. See id. 
         We have reviewed the record, as Dears instructs. See Dears, 2005 Tex. Crim.
App. LEXIS 111, at *11-12. This is a plea-bargain case. Tex. R. App. P. 25.2(a)(2). 
Ernst pleaded guilty and the punishment did not exceed the punishment recommended
by the prosecutor. See Greenwell, 2005 Tex. Crim. App. LEXIS 217, at *2. There
is no written motion ruled on before trial. See id. at *1; see Tex. R. App. P.
25.2(a)(2)(A). The trial court did not give Ernst permission to appeal. See Tex. R.
App. P. 25.2(a)(2)(B). We conclude that the trial court's certification that Ernst does
not have the right to appeal is correct. We vacate this Court's order issued on May
26, 2004. Greenwell, 2005 Tex. Crim. App. LEXIS 217, at *12. We dismiss the
appeal. Tex. R. App. P. 25.2(d). 
 
                                                                        ERRLINDA CASTILLO
                                                                         Justice


Publish. Tex. R. App. P. 47.2(b).
Opinion delivered and filed 
this 17th day of February, 2005.