NO. 07-06-0202-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JUNE 14, 2006



______________________________


 

MARK CARROLL DAVIS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;



NO. 16,772-C; HONORABLE PATRICK PIRTLE, JUDGE


_______________________________




Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant Mark Carroll Davis appeals from his conviction of delivery of a controlled
substance. The certification of appellant's right to appeal executed by the trial court states
appellant has no right of appeal because his conviction was the result of a plea bargain and
appellant waived the right of appeal. By letter dated May 16, 2006 this court informed
appellant that Rule of Appellate Procedure 32.2 required him to file a docketing statement,
giving him ten days to do so. On May 22, we notified appellant that the certification filed
by the trial court indicates he has no right to appeal, inviting a response to that certification
by June 6, 2006. No response to either letter has been received and the clerk's record has
not been filed. 

 Rule of Appellate Procedure 25.2(d) requires dismissal of an appeal from a criminal
conviction in the absence of a certification showing the defendant's right of appeal. 
Dismissal is not required if the certification is defective. Dears v. State, 154 S.W.3d 610,
613 (Tex.Crim.App. 2005). Under the holding in Dears, an appellate court is not required
to wait until the clerk's record is filed to determine if dismissal is required under Rule
25.2(d). Dears, 154 S.W.3d at 614-15. Having received no reply to either of our requests
to appellant, nothing before the court indicates the trial court's certification is defective.

 Accordingly, the appeal is dismissed.


 James T. Campbell

 Justice



Do not publish. 



04167in">          Appellant, Natalie Garcia, appeals her conviction and sentence for the offense of 
driving while intoxicated. Because of conflicting trial court certifications filed in this cause,
we abate and remand to the trial court for clarification.
Background 
          Appellant was charged with the offense of driving while intoxicated. From the trial
court clerk’s record and the court reporter’s record, both filed with this court, it appears that
appellant had a jury trial on March 12-13, 2008, in which the jury found appellant guilty of
the offense. The trial court ordered a presentence investigation report and continued the
case until April 10. On April 10th, the trial court held a punishment hearing and sentenced
appellant. The trial court clerk’s record contains two trial court certifications of appellant’s
right to appeal, both file-marked on April 11, 2008. The first certification dated March 12,
2008, certifies that the criminal case is not a plea-bargain case, and that appellant has the
right to appeal. The second certification dated April 10, 2008 certifies that the criminal
case is a plea-bargain case and that appellant has no rights of appeal. 
          According to Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure, the trial
court is required to enter a certification of a defendant’s right to appeal. Tex. R. App. P.
25.2(a)(2). A certification that does not comport to the record may be considered
defective. Dears v. State, 154 S.W.3d 610, 613 (Tex.Crim.App. 2005). If the appellate
court determines that the certification is defective, the clerk must notify the parties so that
the defect can be remedied. Id. An appellate court has the ability to examine a
certification for defectiveness, and to use Rules 37.1 and 34.5(c) to obtain another
certification, whenever appropriate. Id. at 614. Although an appellate court may require
a trial court to certify whether appellant has the right to appeal, the appellate court may not
dictate the contents of the certification. Greenwell v. Court of Appeals for Thirteenth
Judicial Dist., 159 S.W.3d 645, 650 n.24 (Tex.Crim.App. 2005). 
          In this matter, we are faced with two conflicting certifications with the latest
certification concluding that appellant has no rights of appeal. By our examination of the
record, the second certification does not comport to the record and is, thus, defective. 
Dears, 154 S.W.3d at 613. We therefore, abate and remand this matter to the trial court.
          Upon remand, the trial court shall immediately cause notice of a hearing to be given,
if necessary, and, thereafter conduct a hearing to determine if appellant has the right of
appeal. The trial court shall execute a certification of appellant’s right of appeal and
findings of fact and conclusions of law regarding the aforementioned issue and cause its
findings and conclusions to be included in a supplemental clerk's record. Tex. R. App. P.
34.5(c). A supplemental record of the hearing, if held, shall also be included in the
appellate record. Finally, the trial court shall file the supplemental clerk's record and the
supplemental reporter's record with the Clerk of this Court by June 27, 2008.
          It is so ordered.
 
                                                                           Per Curiam

 
 
Do not publish.