In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00206-CR


______________________________




LINZAY LEROY STEVENS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 115th Judicial District Court


Upshur County, Texas


Trial Court No. 14,083




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Linzay Leroy Stevens (1) appeals from his conviction by the trial court on his plea of guilty for
assault on a public servant. The trial court sentenced Stevens, in accordance with Stevens' negotiated
plea agreement, to ten years' imprisonment. Stevens also signed a written "Waiver of Right to
Appeal" after his conviction and sentencing. We dismiss Stevens' appeal for want of jurisdiction.

 The trial court filed a certification, in accordance with Rule 25.2(a)(2), that "the defendant
has waived the right of appeal." Rule 25.2(a)(2) states, in pertinent part: 

 (2) . . . A defendant in a criminal case has the right of appeal under Code of
Criminal Procedure article 44.02 and these rules. The trial court shall enter a
certification of the defendant's right of appeal in every case in which it enters a
judgment of guilt or other appealable order.

Tex. R. App. P. 25.2(a)(2). If a certification showing that the defendant has the right to appeal is not
made a part of the appellate record, we must dismiss the case unless the record affirmatively
indicates that an appellant may have the right to appeal. Tex. R. App. P. 25.2(d); see Greenwell v.
Court of Appeals for the Thirteenth Judicial Dist., 159 S.W.3d 645, 649 (Tex. Crim. App. 2005);
Dears v. State, 154 S.W.3d 610, 612 (Tex. Crim. App. 2005). We have examined the clerk's record
to determine whether the trial court's certification is defective. See Dears, 154 S.W.3d at 613. 
Nothing in the record indicates the certification is defective. This Court lacks jurisdiction over this
appeal. (2) 

 We dismiss the appeal for want of jurisdiction.


 Jack Carter

 Justice


Date Submitted: December 13, 2006

Date Decided: December 14, 2006


Do Not Publish

1. The appellant is also referred to in the record as Linzay Scott Stevens.
2. The negotiated plea agreement in this case demonstrates that Stevens' waiver of appeal was
done knowingly, voluntarily, and intelligently. See Ex parte Delaney, No. AP-75,291, 2006 Tex.
Crim. LEXIS 2293, at *13 (Tex. Crim. App. Nov. 22, 2006) ("One way to indicate that the waiver
was knowing and intelligent is for the actual punishment or maximum punishment to have been
determined by a plea agreement when the waiver was made.").