NO. 07-08-0173-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 27, 2008
_____

NATALIE A. GARCIA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE COUNTY COURT AT LAW NO. 2 OF LUBBOCK COUNTY;

NO. 2007-444,591; HONORABLE DRUE FARMER, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

_____ORDER ON ABATEMENT AND REMAND

Appellant, Natalie Garcia, appeals her conviction and sentence for the offense of driving while intoxicated. Because of conflicting trial court certifications filed in this cause, we abate and remand to the trial court for clarification.

Background

Appellant was charged with the offense of driving while intoxicated. From the trial court clerk's record and the court reporter's record, both filed with this court, it appears that

appellant had a jury trial on March 12-13, 2008, in which the jury found appellant guilty of the offense. The trial court ordered a presentence investigation report and continued the case until April 10. On April 10th, the trial court held a punishment hearing and sentenced appellant. The trial court clerk's record contains two trial court certifications of appellant's right to appeal, both file-marked on April 11, 2008. The first certification dated March 12, 2008, certifies that the criminal case is not a plea-bargain case, and that appellant has the right to appeal. The second certification dated April 10, 2008 certifies that the criminal case is a plea-bargain case and that appellant has no rights of appeal.

According to Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure, the trial court is required to enter a certification of a defendant's right to appeal. TEX. R. APP. P. 25.2(a)(2). A certification that does not comport to the record may be considered defective. Dears v. State, 154 S.W.3d 610, 613 (Tex.Crim.App. 2005). If the appellate court determines that the certification is defective, the clerk must notify the parties so that the defect can be remedied. Id. An appellate court has the ability to examine a certification for defectiveness, and to use Rules 37.1 and 34.5(c) to obtain another certification, whenever appropriate. Id. at 614. Although an appellate court may require a trial court to certify whether appellant has the right to appeal, the appellate court may not dictate the contents of the certification. Greenwell v. Court of Appeals for Thirteenth Judicial Dist., 159 S.W.3d 645, 650 n.24 (Tex.Crim.App. 2005).

In this matter, we are faced with two conflicting certifications with the latest certification concluding that appellant has no rights of appeal. By our examination of the

2

record, the second certification does not comport to the record and is, thus, defective. Dears, 154 S.W.3d at 613. We therefore, abate and remand this matter to the trial court.

Upon remand, the trial court shall immediately cause notice of a hearing to be given, if necessary, and, thereafter conduct a hearing to determine if appellant has the right of appeal. The trial court shall execute a certification of appellant's right of appeal and findings of fact and conclusions of law regarding the aforementioned issue and cause its findings and conclusions to be included in a supplemental clerk's record. TEX. R. APP. P. 34.5(c). A supplemental record of the hearing, if held, shall also be included in the appellate record. Finally, the trial court shall file the supplemental clerk's record and the supplemental reporter's record with the Clerk of this Court by June 27, 2008.

It is so ordered.

Per Curiam

Do not publish.