

# NUMBERS 13-14-00553-CR, 13-14-00554-CR, & 13-14-00555-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE RUSSELL SALINAS

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Perkes**
**Memorandum Opinion Per Curiam[1]**

Relator, Russell Salinas, filed a petition for writ of mandamus and emergency motion to stay proceedings in the above causes on September 24, 2014. Through these original proceedings, relator seeks to compel the trial court to grant relator's motion to disqualify or recuse the prosecuting attorney.[2] By emergency motion, relator seeks to

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

[2] The petition for writ of mandamus arises from trial court cause number CR-11-11134-A, filed in appellate cause number 13-14-00553-CR, trial court cause number CR-11-11135-A, filed in appellate cause number 13-14-00554-CR, and trial court cause number CR-11-11136-A, filed in appellate cause number 13-14-00555-CR.

stay the underlying trial of these cases which has a preferential trial setting for Monday, September 29, 2014.

To be entitled to mandamus relief, the relator must show: (1) that he has no adequate remedy at law, and (2) that what he seeks to compel is a ministerial act. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of App. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). A remedy at law, though it technically exists, "may nevertheless be so uncertain, tedious, burdensome, slow, inconvenient, inappropriate, or ineffective as to be deemed inadequate." *Greenwell v. Ct. of App. for the Thirteenth Jud. Dist.*, 159 S.W.3d 645, 648–49 (Tex. Crim. App. 2005) (orig. proceeding). The act sought to be compelled must be a ministerial act that does not involve a discretionary or judicial decision. *State ex rel. Young*, 236 S.W.3d at 210.

It is relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, orig. proceeding). In addition to other requirements, relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*.*" *See generally* TEX. R. APP. P. 52.3. In this regard, it is clear that relator must furnish an appendix or record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

The Court, having examined and fully considered the petition for writ of mandamus and the foregoing requirements, is of the opinion that relator has not met his burden to obtain mandamus relief. *See State ex rel. Young*, 236 S.W.3d at 210. Relator has filed a two-page "Notice of Filing of Writ of Mandamus" which includes no information about the matters at issue herein, which contains no argument and authority, and which lacks an appendix or record. Accordingly, relator's petition for writ of mandamus and emergency motion to stay proceedings is denied in each of these causes. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Do not publish. TEX. R. APP. P. 47.2(b).

Delivered and filed the 25th
day of September, 2014.