

NUMBER 13-15-00003-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

IN RE ROY LOUIS SMITHWICK JR.

On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

**Before Justices Benavides, Perkes, and Longoria**
**Memorandum Opinion Per Curiam[1]**

Relator, Roy Louis Smithwick Jr., proceeding pro se, filed a petition for writ of mandamus in the above cause on January 5, 2015 seeking to compel the trial court to rule on, and grant, relator's request for the trial court records pertaining to another individual, Jaime Gonzalez Bath. *See Bath v. State*, 951 S.W.11 (Tex. App.—Corpus

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

Christi 1997, pet. denied).[2] Relator seeks these records "for a Non-Suit Investigation of a Possible Pattern of Criminal Conduct by a State Prosecutors Office."

To be entitled to mandamus relief, the relator must show: (1) that he has no adequate remedy at law, and (2) that what he seeks to compel is a ministerial act. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of App. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

A remedy at law, though it technically exists, "may nevertheless be so uncertain, tedious, burdensome, slow, inconvenient, inappropriate, or ineffective as to be deemed inadequate." *Greenwell v. Ct. of App. for the Thirteenth Jud. Dist.*, 159 S.W.3d 645, 648–49 (Tex. Crim. App. 2005) (orig. proceeding). The act sought to be compelled must be a ministerial act that does not involve a discretionary or judicial decision. *State ex rel. Young*, 236 S.W.3d at 210. The ministerial-act requirement is satisfied if the relator can show a clear right to the relief sought. *In re State ex rel. Weeks*, 391 S.W.3d at 122. A clear right to relief is shown when the facts and circumstances dictate but one rational decision "under unequivocal, well-settled (*i.e.*, from extant statutory, constitutional, or case law sources), and clearly controlling legal principles." *Bowen v. Carnes*, 343 S.W.3d 805, 810 n.6 (Tex. Crim. App. 2011); *see In re State ex rel. Weeks*, 391 S.W.3d at 122.

---

[2] Relator was convicted on two counts of felony murder in 1992 and sentenced to life in prison. The San Antonio Court of Appeals affirmed his conviction on direct appeal. *See Smithwick v. State*, No. 04–92–00520–CR, 1995 WL 540279, at *1 (Tex. App.—San Antonio Sept. 13, 1995, no pet.) (not designated for publication); *see also In re Smithwick*, No. 04-13-00907-CR, 2014 WL 470105, at *1 (Tex. App.—San Antonio Feb. 5, 2014, orig. proceeding) (mem. op., not designated for publication) (conditionally granting mandamus relief and directing the trial court to rule on relator's original proceeding).

It is relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*."* *See generally* TEX. R. APP. P. 52.3. In this regard, it is clear that relator must furnish an appendix or record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden to obtain mandamus relief. *See State ex rel. Young*, 236 S.W.3d at 210. Accordingly, relator's petition for writ of mandamus is DENIED, as is all other request for relief filed in connection with this cause. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
8th day of January, 2015.