# IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

### WRIT NO.      WR-78, 165-02

EX PARTE
CHADRICK B. PATE TDCJ NO. 01563340
 APPLICANT

NEMA BARDIN
 PETITIONER
        V.
JUDGE JANNA K. WHATELY

FROM THE DISTRICT COURT
36TH JUDICIAL DISTRICT
ARANSAS COUNTY, TEXAS
CAUSE NO. A-08-5080-4CR

### EMERGENCY MOTION FOR RELEIF
### REQUEST FOR IMMEDIATE  BAIL DECISION AND IMMEDIATE RELEIF
### PURSUANT TO THE UNDERLYING ORIGINAL EMERGENCY  WRIT FOR HABEAS
### CORPUS WR-78.165-02

### COVER SHEET

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 02 2015

Abel Acosta, Clerk

MOTION DENIED
DATE: 6-24-15
BY: PC

# IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

## WRIT NO.     WR-78, 165-02

EX PARTE
CHADRICK B. PATE TDCJ NO. 01563340
APPLICANT

NEMA BARDIN
PETITIONER
V.
JUDGE JANNA K. WHATELY

FROM THE DISTRICT COURT
36TH JUDICIAL DISTRICT
ARANSAS COUNTY, TEXAS
CAUSE NO. A-08-5080-4CR

## EMERGENCY MOTION FOR RELEIF
### REQUEST FOR IMMEDIATE BAIL DECISION AND IMMEDIATE RELEIF PURSUANT TO THE UNDERLYING ORIGINAL EMERGENCY WRIT FOR HABEAS CORPUS

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, Petitioner Nema Bardin on behalf of Applicant Chadrick B. Pate and respectfully

submits this Emergency Motion for Relief pursuant to and on the Original Writ of Habeas Corpus

filed in this Court on May,19th, 2015 .AND Amended Emergency Original Writ of Habeas Corpus filed

on this date June 02, 2015 seeking relief from Cause No. A-08-5080-4CR a Void Judgment,

Sentence and Conviction ordered in the 36th Judicial District Trial Court Aransas, County Texas, and

certified by Trial Judge Janna K. Whately. Because the Trial Court Judgment in Cause No. A-08-5080-

4CR is Void for lack of Jurisdiction, Fraud on the Court, and Tampering with a Trial Court Government

Record then this Motion also pertains to relief from Cause No. WR-78.-165-01 The Intial Writ of

Habeas Corpus filed into this Court on or about 6/21/2011 and was denied on 3/6/2013 without

1

written order by Judge Cochran, and from Cause No. 13-09--00112CR affirmed 10/27/2010 from the Thirteenth District Court of Appeals.

These two judgments are void because they each flow from the illegal and Void Trial Court Judgment in A-08-5080-4CR. Chadrick B. Pate .

## JURISDICTION

Because this Motion flows from the filing of Petitioner's Original Writ of Habeas Corpus it has jurisdiction for the same reasons it has Jurisdiction over the Original Writ filed on the 19th day of May 2015 and Amended Writ filed on this date June 02, 2015 pursuant to Article V Section 5 of the Texas Constitution and Amendments 1, 5,6 and 14 of the U. S. Constitution . **See Exparte Thompson 273 S. W. 3d 17 7, 181 (Tex. Crim. App.2008) showing this court to have general jurisdiction over Original Habeas Corpus See Tex Const. Article V**

## STATEMENT OF THE CASE

Petitioner Nenna Bardin filed an Original Writ of Habeas Corpus in this Court on May 19th, 2015, and then filed an amended Writ on June 02, 2015 by hand delivering it and speaking personally with Mr. Abel Acosta Clerk for the Texas Criminal Court of Appeals. Petitioner asked to speak with Mr. Acosta in order to explain that the Writ being filed was not a 11.07 Writ and therefore not a Second or Successive Petition under 11.07. Petitioner explained the nature of the Writ and why it was being filed as an Original Writ under this Courts inherent power and jurisdiction to provide the relief requested. Mr. Acosta took the Document after reviewing some of the paperwork with Petitioner and stated that he would file it. On May 22nd, 2015 after checking her mail box, Petitioner found that there was no notification from the Court providing notice that the Documents had been filed. Because Petitioner's address is local she called Mr. Acosta to inquire about the filing of the documents. He stated that she should have received a post card. A conversation regarding the filing and docketing and the rules and

procedures that are required on the kind of Writ that Petitioner filed left Petitioner confused. Because Petitioner was told that there were no deadlines for the Court to make a decision on the Writ that she had filed, and because she was told that the Case No. for the Writ that she filed was the same as the Initial Writ that Applicant Pate had filed with the exception of the last two digits, Petitioner was in a quandary, and decided that she had better study the Trap rules more thoroughly. Petitioner checked her mail again on May 23, 2015 and the Post Card had still not arrived at her downtown P O Box 772 Austin, Texas. After reviewing the Trap Rules, Petitioner felt that there should be a requirement on the time frame for a decision on the Serious Matter of a Writ that challenged the Judgment of the Trial Court as being Void for Lack of Jurisdiction. Petitioner filed an Amended Emergency Writ of Habeas Corpus on this date June 02, 2015 hand delivered to the Clerk and has at the same time filed this Emergency Motion for Releif also hand delivered on June 02, 2015 to the Clerk.

It is not Petitioner's intent to overide this Court with endless Petitions/Motions, it is only her intent to follow the procedures (although as a layman they are incredibly confusing to her)

she does not want the Writ to be denied for failure to follow the rules or procedures. Applicant lost his liberty because the trial court purposely failed to follow the rules and the procedures required of them. Petitioner does not question that Mr. Acosta is not following the rules. She is sure that he is, but because she has no idea which rules that are being followed then she has determined it best to file this "Motion for Emergency Relief", with the hope that the Original Writ of Habeas Corpus will not be denied for her failure in misunderstanding the Trap Rules and Procedures/Protocols that the Clerk's Office uses to see that these kinds of Writs are filed and journaled properly and expeditiously.

The Petitioner has filed her Original Writ for Habeas Corpus into the proper Court **See Thompson 273 S W 3d 177, 181 (Tex. Crim. App. 2008).**

If what Mr. Acosta says is true, that the Court has no time limit for a decision on the Writ, and it could be years before a decision, then Petitioner and Applicant do not have an adequate remedy for relief.

3

See **In re Mc Cann 422 S W 3d 201 (Tex. 2013)** showing:that the remedy is not adequate if the remedy is: uncertain, tedious, burdensome, slow, inconvenient or, inappropriate, then it is deemed to be ineffective (quoting from **Greenwell v. Court of Appeals for the Thirteenth Judicial Dist. 159 S. W. 3d 645,64 8-9 (Tex. Crim. App 2005).**

With this in mind Petitioner respectfully request that this Court take immediate action and grant Applicant **Bail on a Personal Recognizance Bond** freeing him from incarceration until which time this Court can reach a decision on the merits of the Petitioner's claims and that immediate action be taken on this Motion and on the Original Writ of Habeas Corpus filed on the 19th day of May 2015. and the Writ filed amending on this date June 02, 2015..

More than a (114) days have passed since the filing of the Original Writ, and Applicant has been illegally restrained for 7 years.

Petitioner has supported the Writ with undeniable proof that the Trial Court Tampered with the trial court records, violated Applicant's right to a fair and impartial trial, lied to jurors held ex parte hearings

and manipulated the Judicary in order to obtain an illegal conviction over Applicant. Applicant has' provided the trial courts own records that prove the claims that she has made. Applicant received no fair and impartial trial, opportunity to be heard and notice at the sham trial. The trial court violated Applicant's U. S Constitutional Due Process rights, under the Texas Constitution.. See **Winters v. Presiding Judge of Criminal Dist. Court No. Three of Tarrant County 118 S W 34.**

If Petitioner has failed to follow any rules or procedures, this Motion nor the Original Writ should be denied for such a failure. In **Judge Acala's dissent in the case of Tyrone Casey Sledge citing Ex Parte Graves 70 S W 3d 103-107-(Tex. Crim. App 2013) she concluded:** that the purpose of the Habeas Statute was to limit subsequent writs to regulate the influx of applications raising claims that were only recently cognizable rather than to limit the traditional common law claim that the trial court

4

lacked jurisdiction over the case. She concluded that The legislature may not withhold the right of habeas corpus Tex. Const. Art. 1, 12 (The Writ of Habeas Corpus is a Writ of right and shall never be suspended.),

## CONCLUSION

**Petitioner's filing of the Original Writ of Habeas Corpus presents not only exceptional circumstances for which relief should be granted, but it should be granted to meet the very ends of justice.** Because the Texas Court of Criminal Appeals is the last resort and State remedy for relief from a Judgment that is Void for Lack of Jurisdiction, and because to deprive Applicant of his only effective State remedy would not only be contrary to the rudimentary demands of justice but destructive of a constitutional guaranty specifically designed to prevent injustice, and because The Writ lies as a traditional civil remedy for the enforcement of the right, to personal liberty , not a stage of the state criminal proceedings or as an appeal therefrom , and because The Court of Criminal Appeals may take action authorized by constitutional provision, and under common law, and it's inherent and implied power, this Motion for Emergency Relief should be granted and The Original Writ requesting relief should be heard as an emergency and all relief requested in the Writ should be granted.

## PRAYER

Petitioner prays that this Honorable Court will hear and grant and issue Order on this Motion for Emergency Releif immediately providing for BAIL on a Personal Recognizance Bond and that it issue Order to rule on Petitioner's Original Writ of Habeas Corpus and grant all relief requested there-in and do so within 7 days of this filing.

Petitioner prays that this Honorable Court by granting such requested relief will at least see that Applicant's Liberty is restored quickly and unconditionally.

## Certificate of
## Compliance

Petitioner has telephoned the District Clerk of Aransas County, The Disctrict Attorney of Aransas County, Judge Janna K. Whately and the Director of TDCJ and notified each of them that this Emergency Motion for Relief would be filed. Petitioner spoke with a staff member in each instance and provided the notification, however Cookie at the Director's office could not hear me due to some kind of telephone interference. Petitioner made every effort to notify.

Nenia Bardin
Petitioner
dated 6/2/2015

7.

## IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

EXPARTE  
CHADRICK B. PATE  
TDCJ 01563340  
APPLICANT/REALTOR  

FROM THE DISTRICT COURT  
36TH JUDICIAL D ISTRICT  
ARANSAS COUNTY TEXAS  
CAUSE NO. A-08-5080-4CR  

V.

PRESIDING .JUDGE JANNA K. WHATELY

## CERTIFICATE OF SERVICE

I do hereby certify that a true original of the above and foregoing

Emergency Motion for Relief was personally hand delivered on the 2nd day of June 2015 to The

Texas Court of Criminal Appeals Clerk's Office at 201 W. 14th Street, Austin Texas 78701.

Nema Bardin Petitioner