

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00393-CR

Asel **ABDYGAPPAROVA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2001CR4918A
Honorable Ron Rangel, Judge Presiding

Opinion by:     Sandee Bryan Marion, Chief Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Rebeca C. Martinez, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  June 4, 2015

AFFIRMED

In 2005, a jury found appellant guilty of capital murder and assessed punishment at life in prison. A panel of this court reversed the trial court's judgment and remanded the cause for a new trial. *See Abdygapparova v. State*, 243 S.W.3d 191 (Tex. App.—San Antonio 2007, pet. ref'd). On July 28, 2010, appellant filed a "Petition for Writ of Habeas Corpus and Plea in Bar," arguing double jeopardy prevented the State from retrying her and asking the trial court to dismiss with prejudice the indictment against her. On January 7, 2011, the trial court denied the requested relief. Appellant appealed and, on September 7, 2011, a panel of this court affirmed the trial court's order

denying habeas corpus relief. *Ex parte Abdygapparova*, No. 04-11-00093-CR, 2011 WL 3916814 (Tex. App.—San Antonio Sept. 7, 2011, no pet.).

After several continuances of her trial, appellant entered into a plea agreement, pleading nolo contendere to murder. The trial court accepted the plea, followed the plea agreement, and sentenced appellant to a cap of twenty-eight years' confinement. The trial court later signed a Certification of Defendant's Right of Appeal, stating this "is a plea-bargain case, but matters were raised by written motion and filed and ruled on before trial and not withdrawn or waived, and the defendant has the right to appeal." According to appellant, only two motions were ruled on before trial: her petition for writ of habeas corpus and a motion to dismiss court-appointed counsel. In this appeal, appellant argues her "right to be free from double jeopardy was violated by the prosecution's intentional and pervasive misconduct and the trial judge's partiality during the jury trial to the extent that the trial is structurally impaired." We interpret this complaint as asserting the trial court erred in denying appellant's 2010 "Petition for Writ of Habeas Corpus and Plea in Bar."

## DISCUSSION

In this appeal, appellant asserts the actions of the Bexar County District Attorney's Office and the trial judge prevented her from having a fair trial, which resulted in her 2005 conviction. Appellant argues the State should not have another opportunity to proceed to trial "after acting as it did in the previous jury trial." Appellant concedes this same issue was raised in her 2011 appeal, but she contends the issue should be reviewed again in this appeal. We disagree.

"A habeas corpus proceeding has always been regarded as separate from the criminal prosecution . . . ." *Greenwell v. Court of Appeals for Thirteenth Judicial Dist.*, 159 S.W.3d 645, 649 (Tex. Crim. App. 2005); *Ex parte Matthews*, 452 S.W.3d 8, 12 (Tex. App.—San Antonio 2014, no pet.) ("habeas corpus proceeding is not merely another motion within the criminal

prosecution"). "'When habeas corpus is used as a vehicle for raising matters pretrial in a pending criminal prosecution, the difference between the pending prosecution and the habeas corpus proceeding is both more subtle and more significant. An order denying relief on the merits is a final judgment in the habeas corpus proceeding," and is, therefore, immediately appealable. *Greenwell*, 159 S.W.3d at 649-50 (quoting 43 GEORGE E. DIX & ROBERT O. DAWSON, CRIMINAL PRACTICE AND PROCEDURE § 47.51, at 219-20 (2d ed. 2001)).

The right to appeal from the denial of habeas corpus relief occurs "because the habeas proceeding is in fact considered a separate 'criminal action,' and the denial of relief marks the end of the trial stage of that criminal action and the commencement of the timetable for appeal." *Id.* at 650; *see also Ex parte Matthews*, 452 S.W.3d at 13-14. "The appealability of a habeas proceeding turns not upon the nature of the claim advanced but upon the use of the procedure itself and the trial court's decision to consider the claim (i.e. 'issue the writ')." *Greenwell*, 159 S.W.3d at 650. Thus, "[i]n the double jeopardy context, an immediate appeal from the denial of relief in a habeas corpus proceeding is permitted even though an immediate appeal would not be permitted when the same claim was raised only in a pretrial motion to dismiss." *Id.*

Here, appellant pursued her right to an immediate appeal of the same order denying the same relief that she now attempts to appeal in this case. Except this time, she attempts her appeal pursuant to Texas Rule of Appellate Procedure 25.2(a)(2). However, as noted above, the denial of an application for writ of habeas corpus is immediately appealable. Appellant's "Petition for Writ of Habeas Corpus and Plea in Bar" was denied on January 7, 2011 and she immediately appealed. After considering the merits of appellant's appeal, this court affirmed the trial court's order denying habeas corpus relief. *See Ex parte Abdygapparova*, 2011 WL 3916814, *2. Our resolution of the issues raised in that appeal constitutes the law of the case. *See, e.g., State v. Swearingen*, 424 S.W.3d 32, 36 (Tex. Crim. App. 2014) (observing that, under law of the case

doctrine, appellate court's resolution of questions of law in a previous appeal are binding in subsequent appeals concerning the same issue; "when the facts and legal issues are virtually identical, they should be controlled by an appellate court's previous resolution"); *Janecka v. State*, 937 S.W.2d 456, 466 (Tex. Crim. App. 1996) (explaining that law of the case doctrine applies unless there are "changes of pertinent law or facts"); *Ware v. State*, 736 S.W.2d 700, 701 (Tex. Crim. App. 1987) (deferring to law of the case doctrine because identical issue in present case was resolved in prior case).

In this appeal, appellant states: "This court was presented with an appeal of the Writ of Habeas Corpus with a similar argument, however, more analysis is necessary regarding the issue presented in this brief." Other than this single sentence, appellant provides no reason for us to re-visit our 2011 decision. *See Ex parte Granger*, 850 S.W.2d 513, 516 (Tex. Crim. App. 1993) ("The [law of the case] doctrine is required by neither constitution nor statute, however; it is merely a court-made prudential doctrine designed to promote judicial consistency and efficiency. . . . As such, it should be disregarded when compelling circumstances require a redetermination of the point of law decided on the prior appeal."). Under these circumstances, we affirm the trial court's order denying habeas corpus relief.

## CONCLUSION

We overrule appellant's issue on appeal and affirm the trial court's judgment.

Sandee Bryan Marion, Chief Justice

Do not publish