

# NUMBER 13-15-00315-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE THE STATE OF TEXAS EX REL. STEPHEN B. TYLER

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Longoria
### Memorandum Opinion Per Curiam[1]

Relator, the State of Texas ex rel. Stephen B. Tyler, Criminal District Attorney of Victoria County, Texas, filed a petition for writ of mandamus and motion for emergency stay in the above cause on July 13, 2015. Relator seeks to compel the trial court to empanel a jury to conduct the sentencing hearing in this matter and to prohibit the trial court from entering a judgment in the case until such has occurred. The petition was filed while the sentencing hearing was in progress and relator has now informed us that the

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

hearing has already concluded. Specifically, relator has filed a "Notice of Mootness of Mandamus Petition" informing us that the trial court has completed the hearing to which the mandamus petition pertained. The relator states that it "may file a subsequent writ" dealing with this matter "in the near future," but this petition and the corresponding motion for an emergency stay have been rendered moot.

To be entitled to mandamus relief, the relator must show: (1) that he has no adequate remedy at law, and (2) that what he seeks to compel is a ministerial act. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of App. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). A remedy at law, though it technically exists, "may nevertheless be so uncertain, tedious, burdensome, slow, inconvenient, inappropriate, or ineffective as to be deemed inadequate." *Greenwell v. Ct. of App. for the Thirteenth Jud. Dist.*, 159 S.W.3d 645, 648–49 (Tex. Crim. App. 2005) (orig. proceeding). The act sought to be compelled must be a ministerial act that does not involve a discretionary or judicial decision. *State ex rel. Young*, 236 S.W.3d at 210.

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that the petition for writ of mandamus should be dismissed as moot. Accordingly, relator's petition for writ of mandamus and motion for emergency relief are DISMISSED AS MOOT without regard to the merits and without prejudice. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

2

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
13th day of July, 2015.