

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00508-CR

**EX PARTE** Rogelio **LOPEZ-PEREZ**

From the County Court, Maverick County, Texas
Trial Court No. 31313
Honorable Susan D. Reed, Judge Presiding

Opinion by:     Liza A. Rodriguez, Justice

Sitting:        Luz Elena D. Chapa, Justice
                Irene Rios, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: October 4, 2023

DISMISSED FOR LACK OF JURISDICTION

As part of Operation Lone Star ("OLS"), Lopez-Perez, a noncitizen, was arrested and charged with trespassing on private property in Maverick County. He filed an application for writ of habeas corpus seeking dismissal of the criminal charge for violation of his rights under the Constitution's Equal Protection Clause and the Texas Constitution's Equal Rights Amendment. *See* U.S. CONST. amend. XIV; TEX. CONST. art. 1, § 3(a). Specifically, Lopez-Perez argued the State's selective prosecution of men, and not similarly-situated women, for criminal trespass as part of OLS violated his state and federal equal protection rights. The trial court denied the habeas application without holding an evidentiary hearing. The trial court's order is comprised of several options to choose from depending on the trial court's ruling and whether the ruling is one on the merits. Here, the trial court chose the following:

> The court having considered [the application] is of the opinion same should be:
>
> <u>X</u>    the Application is denied without issuing writ.
> ___    the Application is granted; an order issuing the writ and hearing to be held on _____. _
> ___    the Application is granted with an order issuing the writ, and the merits will be heard by submission of evidence under the following schedule. . . .

Lopez-Perez then filed a notice of appeal stating his intent to appeal the trial court's order.

Lopez-Perez also filed a petition for writ of mandamus arguing the trial court erred by denying his application for writ of habeas corpus without issuing the habeas writ or holding a hearing. On August 16, 2023, we issued an opinion in his mandamus proceeding. *See In re Perez*, No. 04-23-00294-CR, 2023 WL 5270488, at *1 (Tex. App.—San Antonio Aug. 16, 2023, orig. proceeding). We noted that the trial court's order demonstrates that "the trial court affirmatively declined to issue a writ, hold an evidentiary hearing, or submit written evidence when it did not select the blanks corresponding with these actions." *Id*. at *2. We further noted that "the mandamus record does not show that the trial court issued a writ or held an evidentiary hearing, and the State does not assert otherwise." *Id*. We explained that in our recent opinion *Ex Parte Aparicio*, No. 04-22-00632-CR, 2023 WL 4095939, at *11 (Tex. App.—San Antonio June 21, 2023, pet. granted), we held that a selective-prosecution equal protection claim is cognizable in a pretrial application for writ of habeas corpus. We emphasized that Lopez-Perez "asserts a similar claim here." *In re Perez*, 2023 WL 5270488, at *2. Because "we believe[d] the trial court should have an opportunity to reconsider its ruling—its decision not to issue the habeas writ or to hold an evidentiary hearing— on [Lopez-Perez]'s habeas application," "we den[ied] the petition for writ of mandamus without prejudice to relator's ability to seek relief, if necessary, after the trial court has had an opportunity to reconsider its ruling." *Id*. Thus, Lopez-Perez's petition for writ of mandamus has been decided by this court. *See id*.

With respect to this appeal from the trial court's order denying his pretrial habeas application, we explained in our opinion in Lopez-Perez's mandamus proceeding that the trial court had not ruled on the merits of his pretrial application for habeas corpus. *See id*. at \*2 ("Because the trial court did not issue a writ or rule on the merits of [Lopez-Perez]'s habeas application, [Lopez-Perez] did not receive the relief he sought from the trial court, and a live controversy remains."); *see also In re Belmontes*, No. 04-23-00293-CR, 2023 WL 5249618, at \*2 (Tex. App.—San Antonio Aug. 16, 2023, orig. proceeding) (same). "The appealability of a habeas proceeding turns not upon the nature of the claim advanced but upon the use of the procedure itself and the trial court's decision to consider the claim (i.e. 'issue the writ')." *Ex parte Sifuentes*, 639 S.W.3d 842, 846 (Tex. App.—San Antonio 2022, pet. ref'd) (quoting *Greenwell v. Court of Appeals for the Thirteenth Judicial Dist.*, 159 S.W.3d 645, 649 (Tex. Crim. App. 2005)). "If the record shows that the trial court heard evidence and addressed the merits, the result is appealable." *Id*. Here, however, the trial court did not hear evidence and has not addressed the merits of Lopez-Perez's application. Thus, we have no jurisdiction to hear this appeal.

We therefore dismiss this appeal for lack of jurisdiction.

Liza A. Rodriguez, Justice

Do not publish