In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-25-00117-CR**
_____

**EX PARTE REBEL HAYZ BREAUX**

**On Appeal from the 163rd District Court**
**Orange County, Texas**
**Trial Cause No. B240284AR**

**MEMORANDUM OPINION**

In an application for a writ of habeas corpus filed pursuant to article 11.09 of the Texas Code of Criminal Procedure, Rebel Hayz Breaux alleged that he was convicted of a misdemeanor offense on August 19, 2024, and his sentence was discharged on that date. Breaux alleged his trial counsel provided ineffective assistance of counsel, and that Breaux did not plead guilty knowingly.

The trial court signed an order denying the application for a writ of habeas corpus without issuing the writ or holding an evidentiary hearing. In its order

1

denying the application, the trial court stated the writ is improper because "the applicant is not currently being restrained in his liberty by any party due to this case."

"The appealability of a habeas proceeding turns not upon the nature of the claim advanced but upon the use of the procedure itself and the trial court's decision to consider the claim (i.e. 'issue the writ')." *Greenwell v. Ct. of Appeals for the Thirteenth Jud. Dist.*, 159 S.W.3d 645, 650 (Tex. Crim. App. 2005) (orig. proceeding). There is no right to an appeal when a trial court refuses to issue a habeas writ or dismisses or denies a habeas application without ruling on the merits of the applicant's claims. *See Ex parte Villanueva*, 252 S.W.3d 391, 394, 395 (Tex. Crim. App. 2008).

In this case, the trial court did not determine whether Breaux's guilty plea had been knowingly entered, nor did the trial court determine whether Breaux received effective assistance of counsel. Since the trial court denied the article 11.09 application for a writ of habeas corpus without issuing the writ or ruling on the applicant's claims, we dismiss the appeal for lack of jurisdiction.[1]

---

[1] We note that the trial court did not rule that it lacked jurisdiction to issue a writ of habeas corpus. Rather, the trial court ruled that Breaux was not under restraint by reason of his conviction, that is, that the application lacked merit because Breaux failed to assert that he was suffering from a collateral consequence of his conviction. In his response to our notice regarding our appellate jurisdiction, Breaux states, "the presence of Collateral Consequences underscores the necessity of Appellate review to correct legal errors and prevent Wrongful Restraint." He does not suggest what those collateral consequences are, however, nor did he identify a collateral

2

APPEAL DISMISSED.

PER CURIAM

Submitted on May 20, 2025
Opinion Delivered May 21, 2025
Do Not Publish

Before Golemon, C.J., Wright and Chambers, JJ.

---

consequence of his conviction that restrains his liberty in his application to the trial court.

3