

NUMBER 13-15-00077-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

IN RE ALBERT F. HAARMANN

On Petition for Writ of Mandamus.

MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza**
**Memorandum Opinion Per Curiam[1]**

Relator, Albert F. Haarmann, proceeding pro se, filed a petition for writ of mandamus in the above cause on February 17, 2015, seeking to compel the trial court to hold a hearing on relator's motion to correct the appellate record from the underlying trial court cause. This Court previously affirmed appellant's conviction for sexual assault. *See Haarmann v. State*, No. 13-07-00233-CR, available at file:///C:/TAMESDocs/View/No

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

CaseNbr/Opinion_efa03b2e-d1b4-47c3-abd4-d5f572edc40a/Opinion.html (Tex. App.—Corpus Christi Feb. 14, 2008, no pet.) (mem. op.) (not designated for publication) (transferred to this Court from the Ninth Court of Appeals); *see also Ex parte Haarmann*, No. WR-74,213-01, 2010 WL 3430873, at *1 (Tex. Crim. App. Aug. 25, 2010) (per curiam) (not designated for publication); *In re Haarmann*, No. 09-15-00028-CR, 2015 WL 474491, at *1 (Tex. App.—Beaumont Feb. 4, 2015, orig. proceeding) (per curiam) (mem. op.) (not designated for publication); *In re Haarmann*, No. 13-12-00372-CR, 2012 WL 2359897, at *1 (Tex. App.—Corpus Christi June 18, 2012, orig. proceeding) (per curiam) (mem. op.) (not designated for publication).

To be entitled to mandamus relief, the relator must show: (1) that he has no adequate remedy at law, and (2) that what he seeks to compel is a ministerial act. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of App. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). A remedy at law, though it technically exists, "may nevertheless be so uncertain, tedious, burdensome, slow, inconvenient, inappropriate, or ineffective as to be deemed inadequate." *Greenwell v. Ct. of App. for the Thirteenth Jud. Dist.*, 159 S.W.3d 645, 648–49 (Tex. Crim. App. 2005) (orig. proceeding). The act sought to be compelled must be a ministerial act that does not involve a discretionary or judicial decision. *State ex rel. Young*, 236 S.W.3d at 210. The ministerial-act requirement is satisfied if the relator can show a clear right to the relief sought. *In re State ex rel. Weeks*, 391 S.W.3d at 122. A clear right to relief is shown when the facts and circumstances dictate but one rational decision "under unequivocal,

well-settled (*i.e.*, from extant statutory, constitutional, or case law sources), and clearly controlling legal principles." *Bowen v. Carnes*, 343 S.W.3d 805, 810 n.6 (Tex. Crim. App. 2011); *see In re State ex rel. Weeks*, 391 S.W.3d at 122.

It is relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*."* *See generally* TEX. R. APP. P. 52.3. In this regard, it is clear that relator must furnish an appendix or record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

Although courts of appeals have jurisdiction in criminal matters, only the Texas Court of Criminal Appeals has jurisdiction over matters related to final post-conviction felony proceedings. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 5; *Padieu v. Ct. of App. of Tex., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013) (orig. proceeding) ("It is well established that only the Court of Criminal Appeals possesses the authority to grant relief in a post-conviction habeas corpus proceeding where there is a final felony conviction."); *Board of Pardons & Paroles ex rel. Keene v. Ct. of App. of Tx., Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) ("Article 11.07 provides the exclusive means to challenge a final felony conviction. Jurisdiction to grant post-conviction habeas corpus

3

relief on a final felony conviction rests exclusively with [the Court of Criminal Appeals].”). The Court of Criminal Appeals' exclusive jurisdiction under article 11.07 does not necessarily, however, divest the courts of appeals of jurisdiction to decide the merits of a mandamus petition when the relator has no article 11.07 application pending. *See Padieu*, 392 S.W.3d at 117–18.

The Court, having examined and fully considered the limited record presented, is of the opinion that relator has not met his burden to obtain mandamus relief, or established that mandamus relief is necessary to protect this Court's jurisdiction, or has otherwise shown that established that we possess jurisdiction over this original proceeding. *See Padieu*, 392 S.W.3d at 117–18. Accordingly, relator's petition for writ of mandamus is denied. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed this the
19th day of February, 2015.

4