**Dismissed and Opinion Filed April 30, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-01505-CR

**STEVE OROCIO, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court No. 4**
**Dallas County, Texas**
**Trial Court Cause No. M13-15128-E**

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Myers and Brown
Opinion by Chief Justice Wright

Steve Orocio is charged by information with driving while intoxicated. After his first trial ended in mistrial, appellant filed a motion to dismiss the case, asserting that a second prosecution is barred by double jeopardy. The trial court denied the motion, but the case has not yet proceeded to trial. Appellant appealed the trial court's order denying his pretrial motion. By letter dated April 13, 2015, we directed the parties to address our jurisdiction over this interlocutory appeal.

Appellant asserts that while there is no constitutional right to appeal outside the right created by statute, he has a constitutional right not to be twice held in jeopardy for the same offense. Appellant further asserts that his right to pretrial review of the trial court's order denying the motion to dismiss is not merely a statutory right, it is a constitutional right. The

State responded that we do not have jurisdiction over the appeal from the interlocutory order. The State also filed a motion to dismiss the appeal. We conclude we have no jurisdiction over this appeal.

"Jurisdiction concerns the power of the court to hear and determine a case." *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The jurisdiction of an appellate court must be legally invoked, and, if not, the power of the court to act is as absent as if it did not exist. *See id*. at 523. "The standard to determine whether an appellate court has jurisdiction to hear and determine a case "is not whether the appeal is precluded by law, but whether the appeal is authorized by law.'" *Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012) (quoting *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008)).

Appellate courts may consider appeals by criminal defendants only after conviction or the entry of an appealable order. *See McKinney v. State*, 207 S.W.3d 366, 374 (Tex. Crim. App. 2006); *Griffin v. State*, 645, 646 (Tex. Crim. App. 2004); *Wright v. State*, 969 S.W. 2d 588, 589 (Tex. App.—Dallas 1998, no pet.); *see also* TEX. CODE CRIM. P. ANN. art. 44.02 (West 2006) (providing right to appeal by defendant). Intermediate appellate courts have no jurisdiction to review interlocutory orders absent express authority. *Ex parte Apolinar*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991).

The proper vehicle for raising a multiple-prosecutions double jeopardy challenge is by pretrial application for writ of habeas corpus. *See Ex parte Rathmell*, 717 S.W.3d 33, 34 (Tex. Crim. App. 1986); *Ex parte Robinson*, 641 S.W.2d 552, 555 (Tex. Crim. App. [Panel Op.] 1982). An order denying habeas corpus relief is appealable. *See Greenwell v. Court of Appeals for Thirteenth Judicial Dist*., 159 S.W.3d 645, 650 (Tex. Crim. App. 2005); *Ex parte Robinson*, 641 S.W.2d at 555.

Appellant did not file a pretrial application for writ of habeas corpus, which is a collateral proceeding to the criminal prosecution. *See Greenwell*, 159 S.W.3d at 650. Rather, he filed a motion within the context of his criminal case, and then appealed the interlocutory order denying the motion. The interlocutory order is not appealable. *See id*. Therefore, we have no authority to take any action except to dismiss the appeal. *See Olivo*, 918 S.W.2d at 522–23. We grant the State's motion to dismiss the appeal.

We dismiss the appeal for want of jurisdiction.


Do Not Publish
TEX. R. APP. P. 47
141505F.U05

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

STEVE OROCIO, Appellant

No. 05-14-01505-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court
No. 4, Dallas County, Texas
Trial Court Cause No. M13-15128-E.
Opinion delivered by Chief Justice Wright,
Justices Myers and Brown participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.


Judgment entered April 30, 2015.