**Opinion issued December 29, 2015**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-15-00608-CR**

———————————

**CHRISTOPHER HOUSTON GARCIA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 185th Judicial District Court**
**Harris County, Texas**
**Trial Court Cause No. 1439708**

---

**MEMORANDUM OPINION**

Appellant, Christopher Houston Garcia, proceeding *pro se* and incarcerated, pleaded guilty to the first-degree felony offense of delivery of a controlled substance, namely, methamphetamine, weighing more than 4 grams and less than 200 grams, with the agreed recommendation that he receive ten years' confinement. *See* TEX.

HEALTH & SAFETY CODE ANN. § 481.112(a), (d) (West Supp. 2014). On June 2, 2015, the trial court assessed appellant's punishment at ten years' confinement, in accordance with the terms of his plea bargain with the State. *See* TEX. PENAL CODE ANN. § 12.32(a) (West Supp. 2014). The trial court certified that this is a plea-bargain case and that appellant has no right of appeal.

Nevertheless, appellant timely filed a *pro se* notice of appeal, acknowledging that his punishment did not exceed the amount recommended by the State and agreed to by appellant. However, appellant contends that his guilty plea does not preclude appealing any rulings on pretrial motions or claiming that his trial counsel was ineffective. We dismiss this appeal for want of jurisdiction.

An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d); *see Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). The trial court's certification, which is included in the clerk's record, states that this is a plea-bargain case and that appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d).

In a plea-bargain case where a defendant pleaded guilty and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, as here, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. TEX. CODE CRIM. PROC. ANN. art. 44.02 (West Supp. 2014);

TEX. R. APP. P. 25.2(a)(2). There were no adverse rulings on pretrial motions filed by appellant's trial counsel in the underlying trial court cause number 1439708.

In addition, the clerk's record contains waiver of constitutional rights, agreement to stipulate, and judicial confession papers indicating that appellant pleaded guilty to the delivery of a controlled substance, namely, methamphetamine, weighing more than 4 grams and less than 200 grams, in exchange for the State's recommendation that his punishment be assessed at ten years' confinement, and the standard waiver of his right of appeal if the trial court accepted the plea-bargain agreement. The judgment of conviction also reflects that the trial court accepted the plea-bargain agreement because the court assessed appellant's punishment at ten years' confinement. Thus, the record supports the trial court's certification that this is a plea-bargain case and that the trial court did not give its permission to appeal on any matters, including any rulings on pretrial motions. *See* TEX. R. APP. P. 25.2(a)(2); *Dears*, 154 S.W.3d at 615.

Because appellant has no right of appeal in this plea-bargain case, we must dismiss this appeal without further action. *See Menefee v. State*, 287 S.W.3d 9, 12 n.12 (Tex. Crim. App. 2009); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal."); *see*

*also Greenwell v. Court of Appeals for Thirteenth Judicial Dist.*, 159 S.W.3d 645, 649 (Tex. Crim. App. 2005) (explaining purpose of certification requirements is to resolve cases that have no right of appeal quickly without expense of appointing appellate counsel, preparing reporter's record or preparing appellate brief).

## CONCLUSION

Accordingly, we **dismiss** this appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss any pending motions as moot.

## PER CURIAM

Panel consists of Justices Jennings, Keyes, and Bland.

Do not publish. TEX. R. APP. P. 47.2(b).