**Opinion issued January 7, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-00910-CR

————————————

**DREW PATTERSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 228th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1396819**

## MEMORANDUM OPINION

Appellant, Drew Patterson, pleaded guilty to the offense of failure to stop and render aid on February 28, 2014, with the agreed recommendation that he be placed on deferred adjudication community supervision for two years.  *See* TEX. TRANSP. CODE ANN. §§ 550.021(a), (c) (West Supp. 2015).  On February 28, 2014, the trial

court placed appellant on deferred adjudication community supervision for two years, in accordance with the terms of his plea bargain with the State. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (West Supp. 2015). The trial court certified that this is a plea-bargain case and that appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2).

Appellant prematurely filed a *pro se* notice of appeal on January 13, 2014, which is deemed timely filed on February 28, 2014, the date the order of deferred adjudication states that the sentence of two years' deferred adjudication community supervision was imposed. *See* TEX. R. APP. P. 27.1(b).[1] Appellant's form notice of appeal acknowledges that his punishment did not exceed the amount recommended by the State and agreed to by appellant. However, appellant's notice of appeal contends that his guilty plea does not preclude appealing any rulings on pretrial motions. Appellant also filed a "Motion for Hybrid Representation and a Post-Judgment Motion" and a letter-motion for an extension of time to pay for the record in this Court. We dismiss this appeal for want of jurisdiction.

An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d); *see*

---

[1] The trial clerk filed a Certificate of Failure to File Mark, dated October 19, 2015, in this Court, explaining that the notice of appeal was not properly file marked at the time it was received by the trial clerk and it would have been file marked on January 13, 2014, had it been file marked timely.

*Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). The trial court's certification of appellant's right of appeal, which is attached to the notice of appeal, states that this is a plea-bargain case and that appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d).

In a plea-bargain case, where a defendant pleaded guilty and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, as here, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. TEX. CODE CRIM. PROC. ANN. art. 44.02 (West Supp. 2015); TEX. R. APP. P. 25.2(a)(2). However, the trial court's certification states that this is a plea-bargain case and that appellant has no right of appeal, and the trial court did not give its permission to appeal on any matters, including any rulings on pretrial motions. *See* TEX. R. APP. P. 25.2(a)(2); *Dears*, 154 S.W.3d at 615.

Because appellant has no right of appeal in this plea-bargain case, we must dismiss this appeal without further action. *See Menefee v. State*, 287 S.W.3d 9, 12 n.12 (Tex. Crim. App. 2009); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal."); *see also Greenwell v. Court of Appeals for Thirteenth Judicial Dist.*, 159 S.W.3d 645,

3

649 (Tex. Crim. App. 2005) (explaining purpose of certification requirements is to resolve cases that have no right of appeal quickly without expense of appointing appellate counsel, preparing reporter's record or preparing appellate brief).

## CONCLUSION

Accordingly, we **dismiss** this appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss all pending motions as moot.

## PER CURIAM

Panel consists of Justices Jennings, Keyes, and Bland.

Do not publish. TEX. R. APP. P. 47.2(b).