

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-20-00175-CR
_____

EX PARTE LUIS ARROYOS

_____

On Appeal from the 403rd District Court
Travis County, Texas
Trial Court No. D-1-DC-20-202372, Honorable Brenda Kennedy, Judge Presiding

_____

September 3, 2020

MEMORANDUM OPINION

Before PIRTLE and PARKER and DOSS, JJ.

Appellant, Luis Arroyos, appeals from the trial court's purported "order denying his Application for Writ of Habeas Corpus."[1]  We dismiss the appeal for want of jurisdiction.

On April 9, 2020, Appellant filed an application for writ of habeas corpus alleging that he was arrested on April 4 for possession of a controlled substance and requesting release from Travis County Jail on personal bond.  The clerk's record does not contain any trial court order ruling on Appellant's application.  However, it does include a "Statement of Magistrate Regarding Personal Bond" signed by Travis County magistrate,

_____

[1] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  TEX. GOV'T CODE ANN. § 73.001 (West 2013).

Leon Gizzard, which states that Appellant was released from jail on bond on April 11, 2020.

This Court has jurisdiction to consider an appeal from a judgment of guilt or where appellate jurisdiction has been expressly granted by law. *Abbott v. State,* 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008). Though we may review the denial of an application seeking pretrial habeas relief, our appellate jurisdiction depends on the entry of a signed written order. *See Greenwell v. Court of Appeals for the Thirteenth Judicial Dist.*, 159 S.W.3d 645, 649-50 (Tex. Crim. App. 2005) (orig. proceeding); *Broussard v. State*, No. 01-10-00458-CR, 2010 Tex. App. LEXIS 8360, at *5 (Tex. App.—Houston [1st Dist.] Oct. 14, 2010, no pet.) (per curiam) (mem. op., not designated for publication) (dismissing appeal for want of jurisdiction where record did not contain written order denying appellant's pretrial habeas application).

By letter of August 5, 2020, we notified Appellant that it did not appear the trial court had entered an appealable judgment or order and directed him to show how we have jurisdiction over the appeal by August 18. Appellant did not file a response and has had no further communication with this Court to date.

Because Appellant has not presented this Court with a written order disposing of his application for writ of habeas corpus, we dismiss the appeal for want of jurisdiction.

Per Curiam

Do not publish.

2